UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLLIN Q. D.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C24-1057-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. In April 2021, Plaintiff filed applications for child's insurance benefits and for supplemental insurance benefits. Tr. 17. After holding a hearing in September 2023, the ALJ issued a decision finding (1) Plaintiff was born in 1996 and had not reached the age of 22 as of the alleged onset date of January 1, 2014; (2) for purposes a child disability benefit application, Plaintiff has no medically determinable impairments but for purposes of his supplemental insurance benefit application Plaintiff's anxiety and avoidant personality disorder are severe impairments; (3) Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels subject to several psychological or mental limitations; Plaintiff has no past work history but is not disabled because he can perform jobs as an industrial cleaner, a hand packager or a cleaner II. Tr. 17-27.

ORDER REVERSING AND REMANDING - 1

1    Plaintiff contends the Court should remand the case for further administrative
2  proceedings because the ALJ harmfully misevaluated the medical opinions of Alysa Ruddell,
3  Ph.D. and Katrina Higgins, Psy.D. and ignored the function report of lay witness K.S.
4    For the reasons below, the Court **REVERSES** the Commissioner's final decision and
5  **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. §
6  405(g).

**DISCUSSION**

A.    **Medical Opinions**

Plaintiff contends the ALJ misevaluated the opinions of Drs. Ruddell and Higgins regarding Plaintiff's mental limitations. Turning first to Dr. Ruddell, the ALJ noted the doctor evaluated Plaintiff in 2020 by telephone.[1] Dr. Ruddell reported Plaintiff struggled to provide personal information and convey his thoughts or emotions and shut down when asked to perform novel tasks but displayed normal memory. Tr. 23. The ALJ further noted Dr. Ruddell found Plaintiff is limited in understanding, remembering and persisting in tasks following short simple instructions and in learning new tasks; is moderately limited in performing routine tasks without special supervision, making simple decisions, being aware of hazards, asking simple questions or communicating and performing effectively in a work-setting; and he is markedly limited in performing work within a schedule, maintain attendance, be punctual, adapt to changes in routine, maintain appropriate behavior, complete a normal workday or set goals and plan due to psychological symptoms. Tr. 24.

---

[1] Dr. Ruddell indicated she performed the evaluation by phone in order to comply with Washington State Governor Inslee's directive to curb the spread of COVID-19. Tr. 332.

The ALJ rejected the marked limitations Dr. Ruddell assessed on the grounds the doctor examined Plaintiff once and over the phone. The opinion of an examining doctor is relevant evidence and is typically performed after one evaluation. There is thus no basis to reject the opinion simply because Dr. Ruddell examined Plaintiff once. If it were a basis, the ALJ's authority to order an examination under C.F.R. § 416.919(a) would be meaningless as the one-time examination the agency purchased under this regulation would be deemed unworthy of carrying any weight simply because the examination was a one-time occurrence.

As to performing a telephone evaluation, the ALJ provided no explanation as to why a telephone evaluation affected the accuracy of the evaluation. The record shows Dr. Ruddell's opinion relied upon statements Plaintiff made to her, and his behavior during questioning, and that the doctor's use of the telephone to conduct the evaluation did not interfere with her ability to gather this information. For instance, Dr. Ruddell noted Plaintiff "struggled to provide personal information and convey thoughts/emotions"; "shut down when asked to perform novel tasks, like serial 3's and interpretation of proverbs," displayed paranoia based upon how he feels people don't like him and how he stays inside to avoid panic; that in response to a practical problem solving question, what would you do if the smoke alarm went off, he stated: "I don't know, I'd probably panic. Anything else? That's it." Tr. 391. Substantial evidence thus does not support the ALJ's rationale that the doctor's opinions should be discounted because it was performed over the phone.

The ALJ also rejected Dr. Ruddell's opinions on the grounds Plaintiff reported "he is more tolerant of things like change and upcoming events when he is told of them in advance" and the observation of Plaintiff's therapists that he was engaged and responsive in therapy and

ORDER REVERSING AND REMANDING - 3

1  fair to intact insight and judgment, citing records at 5F and 11/F. Tr. 24. The records at 5F and
2  11F do not support the ALJ's rationale.

3        The records at 5F are the assessment of Dr. Higgins which the ALJ partially discounted.
4  Dr. Higgins noted Plaintiff indicated "he feels he does a little better if he knows about things in
5  and has time to mentally prepare himself." Tr. 346. But the doctor also noted Plaintiff indicated
6  "It also helps if he has someone familiar with him." Id. Plaintiff's need to have a support person
7  to be present at an outing undercuts the ALJ's finding Plaintiff can perform gainful work
8  independently. Further, while Plaintiff indicated he feels "a little bit better," there is nothing
9  showing this "little" improvement ameliorates the severity of Plaintiff's statements to the doctor
10 that he has "'extreme' anxiety around others, and that whenever he has to leave his house and go
11 somewhere there are people he feels "nauseated and sometimes vomits" and that he generally
12 avoids leaving his house whenever possible. Id. Hence while Plaintiff stated he felt "a little
13 better" that statement was made in the context that despite feeling a little better, he nonetheless
14 was extremely anxious and had negative physical symptoms when he left home. The records at
15 5F thus are not substantial evidence to support the ALJ's determination to discount Dr. Ruddell's
16 opinions.

17       The same is true for the records at 11F. While Plaintiff's records at 11F note Plaintiff was
18 "pleasant" when meeting treaters, the records also indicate his mother reported concerns Plaintiff
19 was anxious and upset about continuing mental health therapy because he felt it was not helpful,
20 Tr. 398; statements by Plaintiff such as: "usually my last counselor would just talk about stuff
21 and I'd listen I don't like talking much," Tr. 402; "I don't even know why I'm doing this, it feels
22 pointless," Tr. 408; observations by treating staff that Plaintiff "found it hard to open up to
23 people," and "overall he didn't really feel therapy was super helpful," and reports by Plaintiff

"on his depression and anxiety." Tr. 410. The records at 11F thus are not substantial evidence supporting the ALJ's determination.

The Court accordingly concludes the ALJ erred in discounting Dr. Ruddell's opinions and that the error is harmful because the RFC determination fails to account for all potential limitations.

Turning to Dr. Higgins, the ALJ noted the doctor examined Plaintiff in 2021 and during the examination, Plaintiff indicated he feels nauseated and sometimes vomits when he leaves the house but feels a little better if he knows about things in advance, can mentally prepare himself and has someone that accompanies him. Tr. 23. The doctor indicated Plaintiff stated he stopped working in 2017 due to lack of transportation and not because he was overwhelmed. He presented as cooperative but disheveled making minimal eye contact. His speech was brief, he had dysthymic mood and blunted affect, and relatively intact concentration, with some immediate and recent memory limits. *Id.* Dr. Higgins concluded Plaintiff would have "extreme difficulty interacting with others in the workplace," would have difficulty attending work regularly and working a full workday, would likely need reminders when learning new tasks and cannot deal with the usual stresses of a competitive work environment. Tr. 24.

The ALJ rejected Dr. Higgin's assessment Plaintiff would have difficulty interacting with others on the grounds Plaintiff stated his anxiety is somewhat alleviated when "he is around people with whom he is familiar." Tr. 24-25. Substantial evidence does not support this finding. As discussed above, Plaintiff's statement he feels a little better when he knows about things in advance is not evidence that he will not have marked difficulty interacting with others or have manageable anxiety. Plaintiff's reported level of anxiety is extreme and his statement he feels "a little better" does little to address his nausea and vomiting when he leaves the house and is

around others. Further, he told the doctor "It helps if he has someone familiar with him" which indicates his anxiety is lessened if he has a support person who accompanies him when he leaves the house, not that his anxiety is lessened simply by being around familiar people.

The ALJ also discounted Dr. Higgin's opinion Plaintiff would have difficulty attending work regularly on the grounds it is "vague." Tr. 25. Substantial evidence does not support this determination.

Dr. Ruddell opined in a section entitled "Workplace limitations/conditions":

> Due to the nature of his anxiety, he will have extreme difficulty interacting with others in the workplace. He will have difficulty attending work regularly and making it through a workday without disruption from his anxiety. He is cognitively capable of performing a variety of work-related tasks. However, he does have some mild difficulties with recent recall, so he will likely need reminders when learning a new task. He may be able to manage work tasks from home so that his social interactions are minimal to none. I do not believe he could deal with the usual stresses of the work environment.

Tr. 349. The Court finds the terminology used by Dr. Higgins is not vague and is analogous to the severity of limitations terminology used by Dr. Ruddell—"mild or none" (no significant limitation); "moderate" (significant limitation); "marked" (very significant); and "severe" (inability to perform). Tr. 331. Dr. Higgins assessed (1) "cognitively capable" or "mild difficulty" which correlates to Dr. Ruddell's "mild or none"; (2) "difficulty" which correlates to Dr. Ruddell's "moderate; (3) "extreme difficulty" which correlates to Dr. Ruddell's "marked" limitation; and (4) "could not deal with" which correlates to Dr. Ruddell's "severe."

The opinions of Drs. Ruddell and Higgins also overlap in several categories, and this bolsters how the differing terminology the doctors used are analogous. Additionally, it is clear Dr. Higgins assessed Plaintiff with more functional limitations than are set forth in the RFC determination. If the terminology she used was truly vague the ALJ should have requested

clarification from her, rather than simply rejecting the doctor's assessments. The ALJ has a duty to develop the record if the evidence is ambiguous or inadequate to allow for proper evaluation. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). Here, the ALJ found the terminology vague, and thus had the duty to develop it further. The ALJ failed to do so and accordingly erred.

The ALJ also found Dr. Higgin's opinions were undermined by Plaintiff's statement "he feels better when knows about things in advance (such as presumably a set work schedule)." Tr. 25. But as noted above this is not substantial evidence to reject the opinions of the doctors given the assessed severity of Plaintiff's anxiety, and how Plaintiff also stated that while he might feel a little better, his anxiety is extreme when he leaves his home.

**B.     Lay Testimony**

Plaintiff contends the ALJ erred by failing to make findings regarding the testimony and statements of Plaintiff's mother. The Commissioner argues the ALJ has no obligation to discuss lay statements under 20 C.F.R. § 416.920c(d). Dkt.9 at 3. This CFR states:

> Evidence from Nonmedical sources. We are not required to articulate how we considered evidence from nonmedical sources using the requirements in paragraphs (a)-(c) in this section.

20 CFR 404.1520c(d). The Court declines to adopt the Commissioner's argument.

The plain language of the CFR does not direct the ALJ not to discuss relevant lay evidence, as the Commissioner suggests. Indeed, if the ALJ need not discuss relevant lay evidence, the ALJ need not mention the evidence even if the evidence is probative of disability. Further, the CFR states the ALJ need not articulate how nonmedical source statements are considered *using the requirements in paragraphs (a)-(c) in this section.* The CFR thus directs that the ALJ need not apply the requirements reserved for assessing medical opinions when considering lay statements. But the CFR does not state the ALJ need not discuss what weight the

lay statement should be given at all and need not provide an explanation for rejecting the statement. The requirement the ALJ provide a reviewable explanation is consistent 42 U.S.C. § 405(g), which permits the Court to reverse the ALJ's determinations if the determination is not supported by substantial evidence.

The Court also rejects the Commissioner's argument because the ALJ must consider all relevant evidence, which includes lay testimony, and provide reviewable reasons to discount such evidence. *See* 20 C.F.R. § 416.945(a) (to determine RFC, the ALJ must assess all the relevant evidence).

The Commissioner also argues the ALJ's failure to address the lay evidence is harmless because the ALJ rejected Plaintiff's testimony and the ALJ's rationale applies equally to the lay evidence. This argument fails because the ALJ rejected Plaintiff's testimony as inconsistent with the medical opinion evidence, and his statement about feeling a little better if escorted outside his home and being told in advance of where he is going. As discussed above, the ALJ erred in rejecting the opinions of the two examining doctors, and thus must revisit Plaintiff' testimony.

The ALJ also discounted Plaintiff's testimony noting he once went to a movie with his mother, and he had fair to normal judgment when seen by his therapists. Tr. 24. A one-time outing does not contradict Plaintiff's claims that he has extreme anxiety when he leaves home. This is particularly so because this one-time outing mentioned by the ALJ led to Plaintiff becoming so anxious that his mother reported her concerns to his therapists stating, "he became so upset that it affected him physically. . . and I took him home to a familiar place so that he could deal with what was happening to him." Tr. 398. Accordingly, the Court concludes substantial evidence does not support the ALJ's determination to discount the lay testimony.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reassess the opinions of Drs. Ruddell and Higgins, and the testimony of Plaintiff and his mother; develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability process as appropriate.

DATED this 2nd day of December, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

e